# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STANLEY A. SAMUEL
        Petitioner,

v.                                        Case No. 03C1279

MATTHEW FRANK, Secretary,
Wisconsin Department of Corrections
        Respondent.

## ORDER

Petitioner Stanley Samuel seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his 1997 Wisconsin state court conviction of interference with child custody, abduction, and second degree sexual assault of a child. As a result of these convictions, the state court sentenced Samuel to thirty-eight years imprisonment and a consecutive term of sixteen years probation. Samuel now alleges that the state trial court violated his due process rights when it admitted an allegedly coerced witness statement and when, at sentencing, the court expressly relied upon the testimony given at a separate proceeding to which the petitioner and his attorney had no access.

Respondent Matthew Frank, Secretary of the Wisconsin Department of Corrections, answered the petition and filed a copy of trial transcripts. Samuel then moved to expand the record to include (1) Amended Judgments of Conviction dated February 28, 1998 and (2) the Transcript of sentencing proceedings dated January 16, 1998. I granted that motion on March 8, 2005. In the transcript of sentencing proceedings, the sentencing judge refers to "testimony in another proceeding," which was to be made available for

purposes of appeal. (Mot. Expand Record Ex. 2 at 63.) However, neither party has made that testimony available to this court.

Under Rules 5 and 7 of the Rules Governing § 2254 Cases, I have authority to request further portions of transcripts. Rule 5 states that the answer shall include "such portions of the transcripts as the answering party deems relevant. The court on its own motion . . . may order that further portions of the existing transcripts be furnish." Rule 7 authorizes me to order the record expanded to include additional materials that may be "relevant to the determination of the merits of the petition."

The testimony referred to by the sentencing judge is relevant for the purposes of determining the merits of petitioner's claim that the sentencing court violated his due process for failing to provide him with an opportunity to rebut the evidence. Furthermore, any harmlessness analysis regarding this claim would require the consideration of this testimony.

**THEREFORE, IT IS HEREBY ORDERED** that respondent furnish a copy of the transcript of the testimony relied upon by the sentencing court within twenty (20) days of the date of this order.

Dated at Milwaukee, Wisconsin, this 17 day of August, 2005

/s_____
LYNN ADELMAN
District Judge